IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ogilvie Security Advisors Corporation, an Illinois corporation; Catlin Specialty Insurance Company, a Delaware corporation<br><br>Plaintiffs,<br><br>vs.<br><br>Federal Insurance Company, an Indiana corporation,<br><br>Defendant. | Case No. 11 CV 08554<br><br>Judge Harry D. Leinenweber |

**PLAINTIFFS' MOTION FOR
ENTRY OF JUDGMENT**

Pursuant to Rule 54(b) and Rule 58(d) of the Federal Rule of Civil Procedure, Plaintiffs Ogilvie Security Advisors Corporation ("Ogilvie") and Catlin Specialty Insurance Company ("Catlin") move for the entry of judgment in their favor and state as follows:

1. On November 18, 2013, this District Court entered its memorandum opinion and order finding that Federal Insurance Company's ("Federal") blanket bond policy was obligated to cover Ogilvie for certain claims regarding defalcations committed by Richard Moore. This District Court also ruled that Catlin's professional liability policy never had any such obligation to cover Ogilvie for those claims.

2. The November 18, 2013 court order granted summary judgment in favor of Ogilvie on Count I (breach of contract) and granted summary judgment in favor of Catlin on Count IV (equitable contribution – full). Specifically, this District Court awarded Ogilvie the $50,000.00 sum that Ogilvie sought in its out-of-pocket expenses for those claims and awarded Catlin the $150,233.70 sum that Catlin had paid to Ogilvie.

3. The November 18, 2013 court order stated that "the Court enters Judgment" in these amounts. However, the Clerk of this District Court has not entered a separate document with this judgment. Moreover, the November 18, 2013 court order also referenced that a prior court order had stayed all proceedings on certain bad faith allegations asserted in Count II and scheduled a status hearing on December 11, 2013 for proceedings regarding Count II. Thus, pursuant to Rule 54(b), it appears that the November 18, 2013 court order is not yet a final judgment.

4. Pursuant to Rule 58(d), Ogilvie and Catlin request that a final judgment be set out in a separate document as required by Rule 58(a). There is no just reason for delaying the formal entry of judgment on Count I and Count IV because that ruling completely disposes of the claims in Count I and Count IV. The upcoming proceedings on the bad faith allegations in Count II could never take away or diminish the amounts of that judgment. If anything, the upcoming proceedings could only add to that judgment. *See, e.g., Specht v. Google, Inc.*, 2011 WL 4737179 (N.D. of Ill., Oct. 6, 2011).

5. Ogilvie and Catlin point out that, though the November 18, 2013 court order granted summary judgment on Count I and Count IV, the court order was silent on the question of pre-judgment interest, which was requested by both Ogilvie and Catlin in their Prayers for Relief in Count I and Count IV and in their motion for summary judgment.

6. Under Illinois law, prejudgment interest at the rate of five (5) per centum per annum is available for all amounts owed under a written instrument. 815 ILCS 205/2; *See, Knoll Pharm. Co. v. Auto. Ins. Co. of Hartford*, 210 F. Supp. 2d 1017, 1026 (N.D. Ill. 2002) (pre-judgment interest may be awarded by a District Court under 815 ILCS 205/2 and calculated from the time money becomes due from an insurer under a liability insurance policy or after the lapse of a reasonable time for paying the amount due.)

7. Here, in this case, Ogilvie and Catlin have already documented to this District Court the correspondence history in which they repeatedly advised Federal that its policy did cover the claims regarding defalcations committed by Richard Moore. (*See* ¶¶ 63, 69-80 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment, Docket #47). That correspondence history shows that, at least by January 11, 2011, Ogilvie had provided all relevant claim information and answered all of Federal's questions about these claims. Moreover, by January 18, 2011, Catlin had made demands upon Federal to honor its obligations under the Blanket Bond. (*See* ¶¶ 78-79 of Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment, Docket #47).

8. Thus, the relevant start dates and calculation of prejudgment interest should be as follows:

- Count I award of $50,000.00 to Ogilvie, plus 5% prejudgment interest starting on January 11, 2011 running through the date judgment is entered;
- Count III award of $150,233.70 to Catlin, plus 5% prejudgment interest starting on January 18, 2011 running through the date judgment is entered.

9.   Pursuant to Rule 54(d)(1), Ogilvie and Catlin also request that the judgment include Ogilvie and Catlin's costs as the prevailing party. Ogilvie and Catlin have incurred $496.39 in costs in this litigation to date. (*See* attached affidavit of Dawn M. Gonzalez).

10.  Pursuant to Rule 54(d)(2), as the prevailing parties, Ogilvie and Catlin request that the judgment include Ogilvie and Catlin's attorney fees spent in this coverage litigation. As allowed in Rule 54(d)(2)(iii), Ogilvie and Catlin state that a fair estimate of their attorney fees incurred in this litigation to date is $82,243.00. (*See* attached affidavit of Dawn M. Gonzalez). Ogilvie and Catlin can submit detailed invoices to prove up these specific figures should this District Court direct.

WHEREFORE, Plaintiffs Ogilvie Security Advisors Corporation and Catlin Specialty Insurance Company request that a final judgment be set out in a separate document as required by Rule 58(a) and that the final Judgment should be entered as follows:

1. Awarding Ogilvie $50,000.00 on Count I, plus 5% prejudgment interest on $50,000.00 starting on January 11, 2011 running through the date judgment is entered;
2. Awarding Catlin $150,233.70 on Count III, plus 5% prejudgment interest on $150,233.70 starting on January 18, 2011 running through the date judgment is entered;
3. Awarding Ogilvie and Catlin $496.39, as prevailing parties, for their costs in this litigation to date; and
4. Awarding Ogilvie and Catlin $82,243.00 as prevailing parties, for their attorney fees in this litigation to date.

Dated:  November 26, 2013

**/s/ Dawn M. Gonzalez**

Dawn M. Gonzalez, Esq. (ARDC #6225044)
David A. Baugh, Esq. (ARDC #6186770)
BAUGH, DALTON, CARLSON & RYAN, LLC
135 S. LaSalle St., Suite 2100
Chicago, IL 60603
(312) 759-1400
dgonzalez@baughdaltonlaw.com
dbaugh@baughdaltonlaw.com

*Attorneys for Ogilvie Security Advisors Corporation
  and Catlin Specialty Insurance Company*